# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| **KMART CORPORATION,** | |
| Plaintiff, | 1:08-cv-100 |
| v. | |
| **SUNSHINE SHOPPING CENTER, INC,** | |
| Defendant. | |

TO: Simone R.D. Francis, Esq.
Rachel E. Morrison, Esq.

## ORDER GRANTING PLAINTIFF'S MOTION TO WITHHOLD RENT

THIS MATTER is before the Court upon Plaintiff's Motion to Withhold Rent (Docket No. 22). The motion has been fully briefed, and a hearing was held upon said motion on July 17, 2009. Simone R.D. Francis, Esq., represented Plaintiff, and Rachel E. Morrison, Esq., appeared on behalf of Defendant.

Upon review of the written submissions of the parties and having heard the arguments of counsel, the Court finds that Plaintiff is entitled to withhold rent pursuant to the terms of the lease agreement with Defendant.

It is well established that " a lease is a contract and is to be interpreted according to contract principles . . . ." *Whitfield v. Int'l Motors, Corp.*, 24 V.I. 151, 162, 1989 V.I. LEXIS 51, 23 (Terr. Ct. 1989). When interpreting a contract, a court must first determine

> whether the contract is ambiguous. *Hullett v. Towers, Perrin, Forster & Crosby, Inc.*, 38 F.3d 107, 111 (3d Cir. 1994). A contract provision is considered ambiguous if it is susceptible to two reasonable alternative interpretations. *Id*. Furthermore, if the Court determines that the written terms of the contract are unambiguous, then the Court will interpret the contract as a matter of law. *Id*.

*Sunshine Shopping Center, Inc. v. Kmart Corp.*, 85 F. Supp. 2d 537, 540 (D.V.I. 2000).

The Court finds that the lease terms at issue in this dispute are not ambiguous. Thus, the Court will apply the "'plain meaning rule' . . . which assumes that the intent of the parties to an instrument is 'embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement.' *Hullett* at 111, quoting *County of Dauphin v. Fidelity & Deposit Co.*, 770 F. Supp. 248, 251 (M.D. Pa.), aff'd, 937 F.2d 596 (3d Cir. 1991)." *Id*. (internal quotation marks omitted).

Here, the lease clearly provides that "all maintenance, replacement and repair to the roof, outer walls and structural portion of the buildings which shall be necessary to maintain the buildings in a safe, dry and tenantable condition and in good order and

repair" remains the "Landlord's sole responsibility." Paragraph numbered 15 of the lease agreement at p. 10 (a copy of which is filed as attachment #1 with Plaintiff's Memorandum of Law in Support of Motion to Withhold Rent (Docket No. 23)) (hereinafter, Lease). While the parties entered into two (2) written amendments of the lease,[1] neither amendment changed or otherwise affected the responsibility of the Defendant to keep the roof and structural portion of the buildings in good repair.[2]

The Lease also provides that "in the event Landlord . . . shall fail to perform any obligation specified in this lease, then Tenant may . . . to the extent necessary withhold nay an all rental payments . . . ." Paragraph numbered 30 of the Lease at p. 17.

Plaintiff claims that it "observe[d] serious floor slab cracks . . . as well as numerous active leaks in various parts of the roof of the Premises." Memorandum of Law in Support at 2. Pursuant to the terms of the Lease, Plaintiff notified Defendant of the issues and requested Defendant to repair the cracks and leaks. Defendant never addressed the maintenance/repair issues and has refused its responsibilities under the Lease.

---

1. Copies of the amendments are filed with the Lease as attachment #1 to Plaintiff's Memorandum of Law in Support of Motion to Withhold Rent (Docket No. 23)).

2. Although Defendant transferred the duty to insure the premises to Plaintiff under the terms of the First Amendment, Opposition at 3, by modifying paragraph numbered 20 of the Lease, no other terms or provisions of the Lease were changed or affected by said amendment.

Memorandum of Law in Support at 3-5. However, Defendant acknowledges that Plaintiff "was required to make numerous repairs to the roof," Opposition (Docket No. 28) at 4.

Given the express terms of the Lease, the Court finds that Defendant is responsible for "all maintenance, replacement, and repair to the roof, outer walls and structural portion of the buildings which shall be necessary to maintain the buildings in a safe, dry and tenantable condition and in good order and repair" as provided in paragraph numbered 15 of the subject Lease.

The Court further finds that Defendant's refusal to address the issues, after adequate notice, and Plaintiff's expenditures to fashion a temporary remedy entitles Plaintiff to withhold rent, as authorized by paragraph numbered 30 of the Lease. This finding is supported by the Restatement (Second) of Property: Landlord & Tenant, § 5.4,[3] which provides, in relevant part:

> [I]f, after the tenant's entry and without fault of the tenant, a change in the condition of the leased property caused by the landlord's conduct or failure to fulfill an obligation to repair, or caused suddenly by a non-manmade force, makes the leased property unsuitable for the use contemplated by the parties and the landlord does not correct the situation within a reasonable time after being requested by the tenant to do so. For that breach, the tenant may . . . the withholding of the rent in the manner and to the extent prescribed in § 11.3.

---

3. When no applicable statue exists, the law as expressed in the Restatement controls. V.I. Code Ann. tit. 1, § 4.

*Restatement (Second) of Property: Landlord & Tenant*, § 5.4(2)(d) (1977). Consequently, Plaintiff, in accordance with *Restatement (Second) of Property: Landlord & Tenant*, § 11.3, "may place in escrow the rent . . . becoming due until the default is eliminated or the lease terminates, whichever first occurs."

WHEREFORE, it is now hereby **ORDERED** that Plaintiff's Motion to Withhold Rent (Docket No. 22) **GRANTED**.

ENTER:

Dated: July 20, 2009
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE